# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| TINA J. CARSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CA 18-0545-KD-MU |
| | ) | |
| EEOC HEADQUARTERS, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court on the amended Motion to Proceed Without Prepayment of Fees filed by Plaintiff Tina J. Carson. (Doc. 4). This case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a)(2)(R) for appropriate action. Because Plaintiff has brought her action against a party who is immune from suit for monetary damages, the Equal Employment Opportunity Commission ("EEOC"), it is recommended that Plaintiff's motion be denied and Plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) prior to service of process.

## Plaintiff's Claim

On December 27, 2018, Plaintiff, proceeding *pro se*, filed this action against the "EEOC Headquarters" seeking recovery of money Plaintiff claims she is owed. (Doc. 1). Plaintiff alleges that she filed a claim with the EEOC in Mobile on June 2, 2016 against her employer, World Marine LLC, for sexual harassment. (*Id.* at p. 2). According to Plaintiff's complaint, she gave a statement to Mrs. Price, presumably an employee of the EEOC, on that date and was told

she didn't have a case. (*Id.*). However, Plaintiff avers, the EEOC filed her claim without telling her and received a large settlement from her employer that they "divided amongst themselves and spent it behind [her] back and didn't give [her] any of it." (*Id.*). She states that the EEOC sent her a "dismissal letter" in December 2016 and failed to tell her about the money or give her any of it. (*Id.* at p. 3). Plaintiff claims that she did not hear about the alleged settlement with her employer until June 2017. (*Id.*). Although Plaintiff's complaint does not set forth a separate claim for relief, it appears that Plaintiff seeks only monetary relief.

## **Legal Conclusions**

Authority for granting Plaintiff permission to proceed without prepayment of fees and costs is found at 28 U.S.C. § 1915:

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1); *see Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (affirming the application of § 1915's provisions to a non-prisoner's complaint). "The *in forma pauperis* statute, 28 U.S.C. § 1915, ensures that indigent persons will have equal access to the judicial system." *Attwood v. Singletary*, 105 F.3d 610, 612-613 (11th Cir. 1997) (citing *Coppedge v. United States*, 369 U.S. 438, 446 (1962)). The opportunity to proceed as an indigent in civil cases, created by statute, is not considered a right but a privilege, *Rivera v.*

2

*Allin*, 144 F.3d 719, 724 (11th Cir.), *cert. dismissed*, 524 U.S. 978 (1998), and "should not be a broad highway into the federal courts[,]" *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). Thus, "a trial court has broad discretion in denying an application to proceed *in forma pauperis* under 28 U.S.C.A. § 1915, [but] must not act arbitrarily and it may not deny the application on erroneous grounds." *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983) (citing *Flowers v. Turbine Support Division*, 507 F.2d 1242, 1244 (5th Cir. 1975)); *see also Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 & 1306-07 (11th Cir. 2004) ("[A] trial court has wide discretion in denying an application to proceed IFP under 28 U.S.C. § 1915. . . . However, in denying such applications a court must not act arbitrarily. Nor may it deny the application on erroneous grounds.").

"In order to authorize a litigant to proceed *in forma pauperis*, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing this action; and second, whether the action is frivolous or malicious." *Boubonis v. Chater*, 957 F. Supp. 1071, 1072 (E.D. Wis. 1997) (citing 28 U.S.C. § 1915(a) & (e)(2)(B)(i)). Although Plaintiff's motion to proceed without paying a filing fee remains incomplete and inconsistent, the Court need not reach a determination on the issue of whether she is unable to pay the costs of commencing this action because a review of her complaint reveals that she cannot meet the second element of the *in forma pauperis* equation. Section 1915(e)(2) of the United States Code provides that, in a civil action in which the plaintiff is proceeding *in forma pauperis,* "the court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or

malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Plaintiff's complaint fails to state a cognizable claim, even under the liberal construction applied to *pro se* pleadings. It is well established that "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994) (citing *Loeffler v. Frank*, 486 U.S. 549, 554 (1988); *Fed. Hous. Admin. v. Burr*, 309 U.S. 242, 244 (1940)). In this case, Plaintiff is suing the EEOC, a federal agency, for what appears to be claims based on fraud and/or misappropriation of funds. Because "there is no evidence in the record that the EEOC waived sovereign immunity," Plaintiff is precluded from bringing suit against the EEOC. *Reeves v. DSI Sec. Serv.,* 331 F. App'x 659, 661 (11th Cir. 2009); *see also Bush v. U.S. Equal Emp't Opportunity Comm'n,* Case No. 6:18-cv-529-Orl-18TBS, 2018 WL 3719317, at *2 (M.D. Fla. Apr. 12, 2018) (dismissing action against the EEOC for its alleged failure to pursue claim against plaintiff's employer on grounds that EEOC is immune from suit for damages); *Humphrey v. Napolitano*, No. 11-20651-CIV, 2011 WL 4527451, at *3 (S.D. Fla. Sept. 28, 2011) (dismissing claims against EEOC based on its investigation and determination of complaint against plaintiff's employer because "sovereign immunity bars claims against the EEOC").

## **CONCLUSION**

Because the EEOC is immune from a suit seeking only monetary relief, it

4

is **RECOMMENDED** that Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 4) be **DENIED** and Plaintiff's complaint (Doc. 1) be **DISMISSED**, prior to service.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on Plaintiff in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2), S.D. Ala. Gen. LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or

refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **4th** day of **April, 2019**.

/s/ P. BRADLEY MURRAY  
**UNITED STATES MAGISTRATE JUDGE**